### J. H. BESHEARS, Sr., et al. v. STATE.
No. A-4239. Opinion Filed May 10, 1924.
(225 Pac. 723.)

(Syllabus.)

1. **Appeal and Error—Conviction Supported by Testimony of Accomplice not Disturbed.** The testimony of the accomplice was sufficiently corroborated, making it improper for this court to pass upon the weight of the evidence.

2. **Intoxicating Liquors—Modification of Sentence.** The fact that the jury believed that the defendants, two white men, had entered into a partnership with a negro to manufacture whisky, may have caused a prejudice against the accused, as indicated by the severe penalty imposed. This and other circumstances shown justify a modification of the judgment.

Appeal from County Court, Seminole County; B. F. Davis, Judge.

J. H. Beshears, Sr., and Otho Jones were convicted of illegally manufacturing whisky, and each sentenced to confinement in the county jail for a period of six months and to pay a fine of $500, and they appeal. Modified and affirmed.

G. Arthur Holloway, W. C. Hall, and H. W. Carver, for plaintiffs in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J.  Ben Jeter, a negro, the chief witness for the state, testified, in substance, that plaintiffs in error, here referred to as the defendants, two white men, with Jeter's consent, brought to Jeter's house in July 1921, a whisky still, worm, and other appliances, concealed under a load of oats; that this still was set up and put in operation in a storm cellar adjacent to Jeter's house, where whisky had recently been manufactured, when the officers discovered and seized the still, whisky, and mash and placed Jeter under arrest.  Jeter pleaded guilty, and claimed that he permitted the defendants to make whisky at his place, in return for which privilege he was to receive and did receive a part of the manufactured product.  At the time of the trial of these defendants Jeter was serving his sentence in jail.  The testimony of Jeter, who was an admitted accomplice with the defendants, was in part corroborated by Belle Jeter, his wife, and Anna Jeter, his daughter.

Each of the defendants took the stand and denied that he had anything to do with the still or the manufacturing of whisky.  Two witnesses for the defendants testified that they heard Jeter make a statement at the jail that he believed that the defendants were responsible for turning him in to the authorities, and that he intended to make it hard for them.  Defendants admitted that they were on Jeter's premises at different times during the summer, but explained their presence there as being for the transaction of legitimate business.

Defendants claim that they were convicted upon perjured testimony and that the severity of the punishment was due to passion and prejudice of the jury, probably because the jury believed that these two white men had en-

tered into a partnership with a negro to manufacture whisky. It appears that defendant Otho Jones had once before been adjudged guilty of the illegal possession of liquor, and paid a fine in the federal court; that the other defendant, Beshears, had been tried and acquitted a day or two previous for making whisky at another time on this negro's premises.

The positive testimony of the accomplice Jeter indicative of the defendants' guilt was sufficiently corroborated by his wife and daughter, so that it would be improper for this court to pass upon the weight of the evidence and declare in effect that the testimony supporting the verdict was untrue. It appears that these defendants were farmers, who themselves raised the issue and proved that they had never before been convicted of manufacturing whisky or selling it. Each of them testified that he had never at any time been engaged in the manufacture or sale of liquor.

Considering all the circumstances in the case this court has come to the conclusion that the sentence as to each of the defendants should be modified to confinement in the county jail for a period of 60 days and to pay a fine of $200. The judgment as so modified is affirmed.

MATSON, P. J., and DOYLE, J., concur.